RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

ANDREW BAZEMORE, on behalf of himself and all others
similarly situated,

          *Plaintiff-Appellant*,

    *v.*

PAPA JOHN'S U.S.A., INC.; PAPA JOHN'S INTERNATIONAL,
INC.,

          *Defendants-Appellees*.

No. 22-6133

─────────────────

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:22-cv-00311—Rebecca Grady Jennings, District Judge.

Decided and Filed: July 20, 2023

Before: COLE, CLAY, and KETHLEDGE, Circuit Judges.

─────────────────

## COUNSEL

**BRIEF:** Joshua A. Frank, David W. Garrison, BARRETT JOHNSTON MARTIN & GARRISON, LLC, Nashville, Tennessee, for Appellant. Gerald L. Maatman, Jr., Michael DeMarino, DUANE MORRIS LLP, Chicago, Illinois, Eden E. Anderson, DUANE MORRIS LLP, San Francisco, California, for Appellees.

─────────────────

## OPINION

─────────────────

KETHLEDGE, Circuit Judge. In this case the district court held, as a matter of law, that Andrew Bazemore signed an arbitration agreement that he swore under oath he had never seen. The court therefore dismissed the case and sent it to arbitration. We reverse.

Andrew Bazemore was a delivery driver for a Papa John's store in Louisville, Kentucky. In June 2022, he brought this suit against Papa John's under the Fair Labor Standards Act, alleging that the company had under-reimbursed his vehicle expenses—thereby reducing his pay below the federal and state minimum wage. Papa John's moved to compel arbitration and to dismiss the complaint. In support, the company attached a declaration from its "Senior Director of People Services," Brandi Greene, who said that Papa John's requires all new employees to sign an arbitration agreement as a condition of employment. Greene also asserted that Bazemore had signed the agreement electronically, through a program called e-Forms. That program has a multi-step process for signing documents: first, the user signs in using a user ID and password; then he scrolls through the entire agreement and checks a box in order to sign. According to Greene, Papa John's records showed that Bazemore had followed this process to sign its arbitration agreement on October 10, 2019.

Yet Bazemore responded with his own declaration, swearing under penalty of perjury that (before this lawsuit) he "had never seen" the agreement and "had never heard about it." Bazemore also said, among other things, that his login credentials "were clearly made up of demographic information" available from his application, and that he had seen his manager log in for Bazemore and other delivery drivers "to complete training materials" for them. Hence Bazemore asked for targeted discovery as to whether he had actually signed the agreement.

The district court denied that request and instead granted Papa John's motion to compel arbitration and to dismiss the complaint—finding Bazemore's testimony that he had never seen the agreement amounted to "a convenient lapse in memory[.]" We review that decision de novo. *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 836 (6th Cir. 2021).

The Federal Arbitration Act requires district courts to compel arbitration of claims covered by a valid arbitration agreement. 9 U.S.C. § 4. The party seeking arbitration must prove that such an agreement exists. *Boykin*, 3 F.4th at 839; *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016). If a genuine issue of material fact arises as to whether such an agreement exists, the court "shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *Boykin*, 3 F.4th at 837.

Here, the parties agree that Kentucky law governs the question whether Bazemore entered into an arbitration agreement with Papa John's. In Kentucky, a contract exists only when the parties each assent to it by way of "an intentional manifestation of such assent." *Furtula v. University of Kentucky*, 438 S.W.3d 303, 308 (Ky. 2014) (cleaned up). An electronic signature can show a party's assent. KRS 369.107(1); *cf. Clark v. Brewer*, 329 S.W.2d 384, 386 (Ky. 1959). But an electronic signature is legally valid only when "made by the action of the person the signature purports to represent"—which is itself a question of fact. *Friedmann v. Jefferson County Board of Education*, 647 S.W.3d 181, 189–90 (Ky. 2022); KRS 369.109(1).

Here, the parties presented conflicting evidence on that point. Papa John's pointed to an e-Form record of the arbitration agreement. That record has Bazemore's name typed at the bottom with an electronic signature "By UserID: 467073"—which Greene says is Bazemore's user ID. Yet Bazemore submitted a sworn declaration in which he repeatedly said that he never saw the arbitration agreement—even though, as Greene said, the e-Form would have required him to scroll through the entire agreement before signing it. We see no reason whatever that would prevent a reasonable factfinder from believing Bazemore's testimony—which means that his testimony created a genuine issue of material fact. *See Boykin*, 3 F.4th at 841.

The district court thought otherwise, it appears, for two reasons. First, the court seemed to think that Bazemore bore the ultimate burden of proof as to the agreement's existence. But that burden instead rested with the party seeking to enforce the agreement, namely Papa John's. *Boykin*, 3 F.4th at 839. Second, and more to the point, the court emphasized that Bazemore did not say, specifically, that he had not signed the agreement. But Civil Rule 56 contains no requirement for magic words. On the record here, a reasonable factfinder could plainly infer that, if Bazemore had not seen the agreement, he had not signed it either. Bazemore's testimony that he never saw the agreement was therefore enough to create a genuine issue as to whether he signed it. *See, e.g.*, *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *LP Pikeville, LLC v. Lozier*, No. 2019-CA-407-MR, 2020 WL 1332969, at *3 (Ky. Ct. App. Mar. 20, 2020).

Papa John's separately argues, for the first time on appeal, that Bazemore assented to the agreement's terms in another way—namely by continuing to work for the company after learning about the putative agreement through this suit. Br. 22–23. That argument is meritless.

Kentucky courts have held that the "conduct of a party is not effective as a manifestation of his assent" unless the party has "reason to know that the other party may infer from his conduct that he assents." *Furtula*, 438 S.W.3d at 309. And Bazemore had no reason to think that his continued employment could indicate that he has agreed to arbitrate his claims—given that he was, at the same time, arguing in court that he never agreed to arbitration. Indeed, to hold otherwise would force Bazemore to give up either his job or his day in court. *Cf. Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) ("Arbitration under the Federal Arbitration Act is a matter of consent, not coercion.") (cleaned up).

The district court's judgment is reversed, and the case is remanded for proceedings consistent with this opinion.